PLATT, plaintiff in error, *agt.* CATHELL, defendant in error.

*Questions discussed.*

1. Whether a *charter party* drawn J. D. C. of the first part and *M. P.*, of the city of New-York, (*agent* for J. C. and M. S., of Newbern,) of the second part, and naming the *parties* of the second part throughout the covenants, and *signed and sealed " M. P.—agent L. S.,"* is the deed of and binds *M. P.*, the agent, *personally ?*

2. Where a declaration counts on a deed of charter party, *inter partes*, sealed with the seal of the defendant as party thereto, but the defendant described throughout as *agent*, and signed as agent, of which deed *profert* is made. Whether it is competent for the defendant in a plea, not traversing the execution of the deed, as alleged, to *aver* a different effect or description of party in the deed, to wit : that he was agent, and executed in that character ?

This was an action of covenant brought by Cathell against Platt in the superior court of the city of New-York, in 1842. The declaration counted upon a charter party of affreightment, alleged to have been made by the defendant with the plaintiff. That the plaintiff, by the name and description of J. D. Cathell, master and agent of the schooner or vessel called the Sage of Vienna, of the burthen of 150 tons or thereabouts, register measurement, then lying in the harbor of New-York, of the first part, and Medad Platt, of the city of New-York, agent for J. C. & M. Stevenson, of Newbern, of the second part, chartered the vessel to the defendant for a voyage from Newbern, N. C., to Barbadoes and two other ports to leeward of Barbadoes; and the defendant covenanted to furnish for her a cargo of lumber,

Platt *agt.* Cathell.

and to pay the freight thereon at a certain price per thousand, &c. The declaration alleged the fitness of the vessel, the actual lading of her by the defendant, and the performance of, the voyage by the plaintiff, and assigned a breach of the covenants for non-payment of the freight. The defendant pleaded *non est factum* and a special plea, as follows :

And for a further plea in this behalf the said Medad Platt, by leave of ·the court here for this purpose, first had and obtained according to the form of the statute in such case made and provided, says that the said Jonathan D. Cathell ought not to have or maintain his aforesaid action thereof against him, because he says that the said charter party of affreightment was made and executed by James C. Stevenson and Martin Stevenson by the name and description of J. C. & M. Stevenson of Newbern, by the said Medad Platt as their agent, and that the said charter party of affreightment was executed by the said defendant in his capacity of agent, and as agent of the said James C. Stevenson and Martin Stevenson and not otherwise or in any other character or capacity whatever, for which the said plaintiff heretofore, to wit, on the third day of December, in the year one thousand eight hundred and forty-one, and often afterward at the city and county of New-York aforesaid had notice ; and the said defendant avers that he had full and sufficient authority from the said James C. Stevenson and Martin Stevenson, and was properly and duly authorized, by them to sign, seal, execute, and deliver the said charter party of affreightment as and for the act and deed of them, the said James C. and Martin Stevenson; and that·the signing, sealing, execution, and delivery of the said charter party of affreightment by this defendant as their agent for and as the act and deed of them, the said James C. Stevenson and Martin Stevenson, hath been fully ratified and confirmed by them, the said James C. Stevenson and Martin Stevenson, as and for their act and deed subsequent to the signing, sealing, execution, and delivery of the said charter party of affreightment by this defendant, as such agent as aforesaid, to wit, on the third day of December, in the year one thousand eight hundred and forty-one, and often afterward, to wit, at the city and county of New-York aforesaid,

and this he the said defendant is ready to verify ; wherefore he prays judgment if the said plaintiff ought to have or maintain his action aforesaid thereof against him, &c.

To this plea the plaintiff demurred specially, as follows :

And the said plaintiff, according to the form of the statute in such case made and provided, states and shows to the court here the following causes of demurrer to the said second plea, that is to say, for that the said defendant was fully authorized by the said J. C. & M. Stevenson to sign, seal, execute and deliver the said charter party, yet he does not state in what manner the said authority was conveyed to him ; and also, for that although the defendant states that the said charter party was ratified by the said J. C. & M. Stevenson, yet the said defendant does not state in what manner the said charter party was ratified by the said Stevensons ; and also, that the said plea is double in this, that it alleges an attempt to put in issue the authority of the defendant to execute the charter party declared on and also the matter of a subsequent ratification.   And also that by the said declaration it is alleged and appears in the oyer of the said charter party that the charter party therein named was sealed and delivered by the said defendant in his own name and as his own deed, and not in the name or as the deed of any other person, which the said plea doth not deny nor confess and avoid.

The defendant joined in demurrer.   The superior court gave judgment for the plaintiff on the demurrer.   On the trial of the issue of fact the charter party was given in evidence by the plaintiff, as follows :

This charter party, made and concluded upon in the city of New-York, the twenty-third day of December, in the year one thousand eight hundred and forty-one, between J. D. Cathell, master and agent of the schooner Sage of Vienna, of the burthen of one hundred and fifty-one tons, or thereabouts, register measurement, now lying in the harbor of New-York, of the first part, and Medad Platt, of the city of New-York, agent for J. C. & M. Stevenson, of Newbern, of the second part, witnesseth that the said party of the first part, for and in consideration of the covenants and agreements hereinafter mentioned, to be kept

and performed by the parties of the second part, do covenant
and agree on the freighting and chartering of the said vessel
unto the said parties of the second part, for a voyage from New-
bern, North Carolina, to Barbadoes and two other ports to the
leeward of Barbadoes, on the terms following, that is to say :

*First.* The said party of the first part doth engage that the
said vessel in and during the said voyage shall be kept tight,
staunch, well fitted, tackled, and provided with every requisite,
and with men and provisions necessary for such voyage.

*Second.* The said party of the first part doth further engage
that the whole of said vessel (with the exception of the cabin,
the deck, and the necessary room for the accommodation of the
crew, and the storage of the sails, cables, and provisions) shall
be at the sole use and disposal of the said parties of the second
part during the voyage, and that no goods or merchandise what-
ever shall be laden on board, otherwise than from the said par-
ties of the second part or their agent without their consent, on
pain of forfeiture of the amount of freight agreed upon for the
same.

*Third.* The said party of the first part doth further engage
to take and receive on board the said vessel during the afore-
said voyage all such lawful goods and merchandise as the said
parties of the second part or their agents may think proper to
ship.

And the said parties of the second part, for and in considera-
tion of the covenants and agreements to be kept and performed
by the said party of the first part, doth covenant and agree, with
the said party of the first part, to charter and hire the said ves-
sel as aforesaid on the terms following, that is to say :

*First.* The said parties of the second part doth engage to
provide and furnish to the said vessel at Newbern, North Caro-
lina, a full and sufficient cargo of pitch-pine lumber, red-oak
hogshead staves, and twenty-two inch cypress shingles, and
other articles both for the hold and deck.

*Second.* The said parties of the second part doth further en-
gage to pay to the said party of the first part, or his agent, for
charter or freight of the said vessel during the voyage aforesaid,
in manner following, that is to say : sixteen dollars per thou-

sand for pitch-pine lumber, sixteen dollars per thousand for red oak hogshead staves, two dollars and fifty cents per thousand for cypress shingles, and at the same rate of freight for other goods.

It is further agreed between the parties to this instrument, that the said parties of the second part shall be allowed for the loading and discharging of the vessel at the respective ports aforesaid lay days as follows, that is to say : at Newbern ten running days, and at Barbadoes and two other ports in the West Indies, dispatch without unnecessary detention, and in case the vessel is longer detained, the said parties of the second part agree to pay to the said party of the first part demurrage at the rate of twenty Spanish milled dollars per day, day by day, for every day so detained, provided such detention shall happen by default of the said parties of the second part, or their agents.

It is also further understood and agreed that the cargo or cargoes shall be received and delivered alongside of the vessel within reach of her tackles, or according to the custom and usages at the ports of loading and discharging.

It is also further understood and agreed that this charter shall commence when the vessel is ready to receive cargo at her place of loading, and notice thereof is given to the parties of the second part, or to their agent.

To the true performance of all and every of the foregoing covenants and agreements the said parties, each to the other, do hereby bind themselves, their heirs, executors, administrators, and assigns, (especially the said party of the first part, the said vessel, her freight, tackle, and appurtenances, and the said parties of the second part, the merchandise to be laden on board,) each to the other in the penal sum of one thousand eight hundred dollars.

In witness whereof, the said parties have hereunto interchangeably set their hands and seals, the day and year first above written.

Sealed and delivered in the presence of

A. W. WELDEN.

J. D. CATHELL, Agent, L. S.
MEDAD PLATT, Agent, L. S.

Platt *agt.* Cathell.

It was proved on the part of the plaintiff that the vessel was loaded at Newbern, N. C., by the Messrs. Stevenson, who put a supercargo on board, who sold the cargo at the outward-bound ports and purchased and superintended the return cargo.

The defendant moved that the plaintiff should be non-suited, on the ground of variance between the charter party and the declaration, and that the charter party was the act and deed of the Messrs. Stevenson and not of the defendant; and upon the further ground that the proof on the part of the plaintiff showed that the plaintiff, from the making of the charter party, during the whole voyage, and until the final completion thereof, treated the Messrs. Stevenson as the parties of the second part in the instrument; and that by the acts of the plaintiff he had put such a construction on the charter party as precluded him from treating the defendant as the party of the second part.

The Court, JONES, Ch. J., decided that the charter party was set out in the declaration according to its legal effect, and that the charter party was the deed of the defendant and not of the Messrs. Stevenson; and that the plaintiff was not precluded by his conduct from treating it as the deed of the defendant. The defendant excepted.

The defendant then introduced in evidence two letters from the Messrs. Stevenson to himself, authorizing the defendant to engage a vessel, and approving of the charter of the plaintiff.

The chief justice charged the jury that the charter party was in judgment of law, under the circumstances in evidence before them, the deed of the defendant, and submitted to the jury the question of damages. The defendant's counsel excepted to the charge. The jury found a verdict for plaintiff for $735.

A motion for a new trial by the defendant, at general term, was denied. The defendant brought a writ of error and removed the judgment to the supreme court, where the judgment of the superior court was affirmed. *Reported* 3 *Denio,* 604.

The defendant brought a writ of error, and removed the judgment into this court.

*Mills & Beckwith, Attorneys and*
*A. C. Bradley, Counsel* for plaintiff in error.

### I.—AS TO DEMURRER.

*First.* It is unnecessary to aver in pleading how agent's authority to seal was conferred.   Affixation of seal by agent in presence of principal is good.   (*Story, Agency,* § 51, *and authorities cited, n.* 2.)   Even if authority were by instrument under seal, it is not necessary to be averred.   (*Bailiffs of Ipswich* v. *Marston, Cro. Ja.* 411; *Dean* v. *Grover,* 2 *Sand.* 302, 305, *a. b. n.* 13; 1 *Chit. Pl.* 253, *7th Amer. from* 6*th London ed. a. authorities cited in n. g.;* 6 *Com. Dig. Pleader e.* 9.)

*Second.* It is unnecessary to aver in pleading *how* ratification was made.   (*The authorities above cited, except the first.*)

*Third.* Plea not double.   The real fact averred is the agency of defendant and his authority.   (*Story on Agency,* §§ 244, 251; *McLean* v. *Dunn,* 4 *Bing.* 722.)   Several facts may be pleaded amounting to one result.   (1 *Chit. Pl.* 564.)   Averment of authority is a general term, embracing both previous power and subsequent ratification.   Averment therefore of subsequent ratification may be tautology, but is not duplicity.

*Fourth.* True, the declaration alleges that defendant signed and sealed the charter party as and for his own deed.   But the plea denies *this,* but admits a signing, and avoids the effect which the plaintiff seeks to give it, by averring agency and authority.   (*White* v. *Skinner,* 13 *J. R.* 307; *Randall* v. *Van Vechten,* 19 *J. R.* 60; *Stone* v. *Wood,* 7 *Cole,* 453.)

*Fifth.* The declaration is insufficient.   (*Fols.* 16, 17.)   Charter has never commenced.

### II.—AS TO BILL OF EXCEPTIONS.

*First.* Charter party should have been excluded, because of the variance.   The phrase "parties of the *second* part," in the charter party, by just construction, means the Stevensons.   But the declaration alleges it to mean the defendant.   The contract is not set forth according to its true meaning and effect.   (*Corning* v. *Townsend,* 23 *Wend.* 409; *Blood* v. *Goodrich,* 9 *Wend.* 77.) If liable at all, Platt is only liable for the performance of the du-

Platt *agt.* Cathell.

ties assigned to them in the contract. (*Principle of construction,* 2 *K. Com.* 554–5; *Code Napoleon,* §§ 1156, 1164; 3 *Chit. Com. Law,* 391; *Leery* v. *Goodson,* 4 *T. R.* 689.) Evidence of an agreement to deliver goods to defendant is a fatal variance from a count on an agreement to deliver them to a third person.— *Id.* (*Churchill* v. *Wilkins,* 1 *T. R.* 447; *Samuel* v. *Darch,* 2 *Stark. C.* 60; *Wyvill* v. *Shepard,* 1 *H. Bl.* 162.)

*Second.* Deposition of Lynch should have been rejected.

☞ [Not mentioned.] ☜

The deposition of Lynch in no way shows any act done by or on behalf of the defendant. It is wholly *res inter alios.* If the phrase "parties of the second part" means nobody but Platt, then the Stevensons were wholly unconnected with him, and their acts could not make him responsible.

*Third.* Plaintiff should have been non-suited. Non-suit should have been granted,

1. For variance, and

2. Because, in addition to the facts in the charter party itself to show that it was Stevensons' contract, the plaintiff had himself put a construction on it to that effect.

*Fourth.* The court below erred in charging the jury that the charter party was, in judgment of law, under the circumstances in evidence, the deed of the defendant. The question of agency and authority should have been submitted to the jury; whereas the whole case was taken from them but the amount of damages. Platt had done enough to make his principals liable. A charter party may be without seal. (3 *Chit. Com. Law,* 388.) It is only when the act of agency is required to be done under seal that the authority by seal is necessary. (*Story Ag.* §§ 49, 154; *Evans* v. *Wells,* 22 *Wend.* 324, 339, 340–1, VERPLANCK, *senator.*) The use of a seal where none was necessary will not vitiate an act which without the ceremony would have been valid. (*Everitt* v. *Strong,* 5 *Hill,* 163; *Anderson* v. *Tompkins,* 1 *Brock, C. C.* 456; *White* v. *Cuyler,* 6 *T. R.* 176.)

MILLS & BECKWITH, *Attorneys for plaintiff in error.*
A. C. BRADLEY, *of Counsel.*

Platt *agt.* Cathell.

*D. D. Lord, Attorney and*
*Daniel Lord, Counsel* for defendant in error.

*First.* The declaration counts on a deed of charter party, *inter partes,* sealed with the seal of the defendant below, as party thereto, of which deed *profert* is made.

1. It is not competent for the defendant below, in a plea, not traversing the execution of the deed as alleged, to *aver* a different effect, or different description of party in the deed.   He must either call for *oyer* of the deed, and demur, or rest on excluding the deed for variance on the trial.   The deed must speak for itself, and can not be varied by averment.   For this reason the second plea was bad.

2. The second plea, not denying the execution of the deed as averred in the declaration, could not vary its effect by alleging that he was an agent and executed it in that character; for an agent may bind himself personally for his principal in an instrument in which he is also named as agent.   The second plea was bad also, for this cause.

3. The deed, as set out in the declaration, being under seal of the defendant, he was bound to show legal authority to bind his principal : this required authority by deed, and oyer of such authority, in order that the plaintiff might see on what ground he could pursue the principal.   The second plea was also bad, for want of profert of such supposed authority.   (*Bender* v. *Sampson,* 11 *Mass. Rep.* 44.)

4. The second plea was in like manner bad, for not showing ratification of the covenant by a deed of the principals, and for not containing profert of that deed.   (*Blood* v. *Goodrich,* 9 *Wend. R.* 68 ; *Story on Agency,* §§ 49, 275, 273, 161, 155, 278.)

5. The second plea was also bad, for duplicity.   Either previous authority or subsequent ratification, properly alleged, would be a good answer, if an answer at all.   It was therefore double to tender issue on both.   (*Stephen on Pleading,* 258, § 3, *rule* 1.)   The plaintiff could, in replying, only tender issue on one of the answers, and therefore would be compelled to confess the other.

The demurrer therefore was rightly adjudged for the plaintiffs.

Platt *agt.* Cathell.

*Second.* The charter party given in evidence was sealed with the seal of the defendant only : he calls himself party in the attestation; he is the only party of the second part executing the deed, and alone was bound by it as a deed.

The defendant has shown no authority under seal to execute a deed. He has shown no ratification by deed. He has not shown any communication to the plaintiff, either of his authority or of the ratification before suit brought.

On every principle, therefore, the defendant was the party of the second part, and bound as such. (*Talbot* v. *Godbolt, Yelverton,* 137; *Stone* v. *Wood,* 7 *Cow. R.* 453; *Spencer* v. *Field,* 10 *Wend.* 87; *Pentz* v. *Stanton, id.* 276; *Stone* v. *Gordon,* 3 *Maule & Sel.* 322; *Townsend* v. *Corning,* 23 *Wend. R.* 439; *S. C.* 4 *Hill's R.* 357; *Com. Dig. Fait, C.* 2, *D.* 2, *l. n.; Abbot on Shipping,* 163, *part* 3, *ch.* 1, § 2, *old ed.; new ed.* 244, *part* 4, *ch.* 1, § 1.)

*Third.* The charter party, while it showed that the defendant, by the form of the instrument, its attestation and execution, was the party contracting personally, also showed his representative position, so that,

1. The defendant covenanting personally for the Messrs. Stevenson, all acts in carrying out the adventure done to or by them, are, in judgment of law, done to or by the defendant as covenanting for their benefit; the averments, therefore, of the declaration are legally and substantially true.

2. The defendant directed the plaintiff to obey the orders of Stevensons; consequently all acts in carrying out the charter, done to or by them, were for this reason also, in judgment of law, done to or by the defendant.

*Fourth.* The question, what the defendant said as to the effect of the deed which he was signing is clearly inadmissible, as an attempt to vary the effect of a deed by an oral qualification. (*Evans* v. *Wells,* 22 *Wend. R.* 338.)

*Fifth.* Both parties to the deed were acting for absent persons; the plaintiff engaged to go to Newbern before he was to obtain any performance of the charter, any cargo or freight from the charterers; both parties, in fact, from the character of the covenants, must have relied on each other's personal covenants.

---

Van Geisen *agt.* Fuller.

---

Again, both parties having entered into a deed *inter partes,* and executed it in their own names, and not having executed it in the names of their principals, ought not to be allowed to withdraw from its well known and long established legal effect.

> D. D. LORD, *Attorney of defendant in error.*
> D. LORD, *of Counsel.*

☞ 19 *J.* 60 is overruled by 4 *H.,* or if not is put upon the ground contract by public agents. (*Delaware Canal* v. *Dubois,* 4 *W.; Story Ag.* § 278.) Comments on these cases. Doubtful authority at best, though distinguishable. ☜

DECISION.—Judgment affirmed. Unanimous.

NOTE.—It was *held* by the supreme court, BEARDSLEY, J., delivering the opinion, that it was no answer to the cause of action to say, as the plea demurred to did, that the Stevensons made and executed the said charter party by the defendant as their agent. The defendant being named in the covenant as the party of the second part, and having duly executed it, by affixing his own seal, he was personally bound, whatever his authority or his intention might have been.

As to the exceptions taken at the trial, they could not be sustained, because, in law, the charter party given in evidence was the defendant's deed, and not that of the Stevensons. The Stevensons were not bound by it, but the defendant was.